UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA RAMERIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.: 1:11-cv-01173 - JLT<br><br>FINDINGS AND RECOMMENDATIONS DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT, MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF TERESA RAMERIZ |

Teresa Rameriz ("Plaintiff") asserts she is entitled to benefits under the Social Security Act. Plaintiff argues the Appeals Council erred in reviewing a favorable decision by an administrative law judge ("ALJ"), and which resulted in a subsequent denial of benefits. For the reasons set forth below, the Court recommends the administrative decision is **AFFIRMED**.

**I.　　Factual and Procedural History**[1]

Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act on March 26, 2000. AR at 53. The Social Security Administration denied her claim initially on June 16, 2000, and upon reconsideration on October 5, 2000. *Id.* at 40, 45.

On July 20, 2004, Plaintiff filed a second application for benefits. AR at 262. The claim was denied initially on January 27, 2005, and again upon reconsideration on May 12, 2005. *Id.* at 188-89.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

1   After requesting a hearing before an ALJ, Plaintiff testified at a hearing held on August 1, 2006. *Id.* at
2   194. The ALJ determined Plaintiff was disabled "beginning on November 8, 1999," and issued a fully
3   favorable decision awarding benefits on November 16, 2006. *Id.* at 190-98.
4         On January 17, 2007, the Office of Central Operations ("Central Operations") found it was
5   "unable to process the claim as written" and issued a memorandum to the Office of Appeals
6   Operations. AR at 219. Central Operations explained, "The ALJ found that the claimant was entitled
7   to a period of disability commencing 11/08/199 due to the inability to perform any sustained work
8   activity at the substantial and gainful level." *Id.* However, "review of the evidence show[ed] that the
9   claimant ha[d] substantial earnings of $36,591.25 in 1999, $17,505.77 in 2000, and $16,504.00 in
10  2001, and $13,388.00 in 2002." *Id.* Accordingly, Central Operations opined "the evidence supports a
11  finding that the claimant's onset date to disability should be established no earlier that [sic] 01/01/03
12  and possibly later depending on the possibility of self-employment in 2003 to 2005." *Id.* at 220. In
13  addition, Central Operations issued a Notice of Referral to Plaintiff that explained, "The Appeals
14  Council will notify you as to whether or not they will review your decision." *Id.* at 223.
15        On April 25, 2007, the Appeals Council informed Plaintiff the matter was being reopened and
16  remanded to an ALJ for a new decision. AR at 227. The Appeals Council explained the matter could
17  be reopened within four years of the date of the initial determination where there was "good cause,"
18  including new and material evidence, a clerical error, or "evidence considered in making the decision
19  clearly shows that there was an error." *Id.* The Appeals Council determined good cause appeared for
20  reopening the action because the record demonstrated Plaintiff worked and "derived earnings in an
21  amount that reflects substantial gainful activity" after the date the ALJ found her disabled. *Id.* at 228.
22        In response to the notice of the Appeals Council, Plaintiff filed a notice indicating she
23  "wishe[d] to amend her onset date to 1/1/03." AR at 233. Accordingly, upon remand of Plaintiff's
24  second application, the ALJ considered whether Plaintiff was disabled as of January 1, 2003. *Id.* at
25  575. The ALJ determined Plaintiff was not disabled and issued an order denying benefits on February
26  14, 2008. *Id.* at 575-83. The Appeals Council reviewed the decision and determined the ALJ failed to
27  adequately evaluate Plaintiff's impairments and did not explain the weight given to the opinion
28  evidence. *Id.* at 585-86. Further, the ALJ failed to consider the statements of a lay witness. *Id.*

Consequently, the Appeals Council remanded the application for further consideration on September 17, 2007. *Id.* at 587.

On December 30, 2009, the ALJ concluded Plaintiff was not disabled from January 1, 2003 through her date last insured, and issued an order denying benefits. AR at 18-27. Plaintiff's request for review by the Appeals Council was denied on May 26, 2011. *Id.* at 7-9. Therefore, the ALJ's determination became the decision of the Commissioner of Social Security ("Commissioner").

## II.   Standard of Review

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. The Court may review decisions of the Commissioner denying benefits pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the ALJ applied the proper legal standards and substantial evidence supports the findings. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

### III. Disability Benefits

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). When a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

### IV. Parties' arguments on appeal

Plaintiff contends the Appeals Council "erred in not responding with their decision to review within the '60 day' time frame." (Doc. 16 at 6). According to Plaintiff, "[t]here is no evidence" to support the unfavorable decision by the Appeals Council, and she requests the Court "review her case and find that [the] Social Security Administration abused their power." *Id.* at 7. In addition, Plaintiff argues she is entitled to benefits beginning November 8, 1999, because Plaintiff believes she was disabled as of that date "since she was not gainfully employed." *Id.* at 6-7.

Defendant argues the Court lacks jurisdiction to review the reopening of the action after the favorable decision rendered in November 2006. (Doc. 18 at 6-7). Defendant contends Plaintiff does not challenge the decision issued by the ALJ in December 2009, and asserts "the Court lacks jurisdiction to consider the decision Plaintiff challenges." *Id.* at 7. In response, Plaintiff asserts she "challenge[s] the unfavorable decision that was handed down [and] the findings that state I can work at past my capacity, or in selling tickets as a parking attendant." (Doc. 20 at 3).

### V. Discussion and Analysis

1. Jurisdiction over the decision to reopen Plaintiff's application

As an initial matter, the Court lacks jurisdiction to review the decision by the Appeals Council to reopen her case. The Regulations provide a decision may be reopened by the Social Security Administration where it finds good cause to do so "within four years of the date of the notice of the initial determination." 20 C.F.R. §§ 404.987, 404.988. The Ninth Circuit has determined the "decision to reopen a claim is purely discretionary." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985) (citing *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982)). Because "[d]iscretionary decisions are not 'final decisions' within the meaning of section 405(g)," the Court lacks jurisdiction to review the reopening of Plaintiff's application by the Appeals Council. *See id.*

       2.      Waiver of issue at the administrative level

When a claimant is represented by counsel, failure to raise an issue before the ALJ constitutes waiver. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Plaintiff now contends she should be found disabled prior to January 1, 2003, the period of time adjudicated by the ALJ in his decision dated December 30, 2009. However, Plaintiff's counsel amended her alleged onset date to January 1, 2003 at the administrative level. (AR at 233). In addition, counsel reported Plaintiff "understands the consequences of this amendment and agrees to it." *Id.* Plaintiff cannot now establish error for failure to consider her alleged impairments prior to January 1, 2003, and this argument therefore fails.

       3.      Plaintiff has waived argument regarding the ALJ's findings

To the extent Plaintiff contends the ultimate conclusion was in error, she fails to identify *how* the ALJ erred in his evaluation of the evidence. The Ninth Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Rather, the Court will "review only issues with are argued specifically and distinctly." *Id*. Therefore, when a claim of error is not argued and explained, the argument is waived. See, id. at 929-30 (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding the assertion of error was "too undeveloped to be capable of assessment"). Because Plaintiff failed to identify or discuss any alleged error in the ALJ's evaluation, this argument is waived.

### 4. The ALJ's findings are supported by substantial evidence

The Ninth Circuit has explained a claimant "bears the burden of proof and must prove that he was 'either permanently disabled or subject to a condition which became so severe as to disable him prior to the date upon which his disability insured status expired.'" *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998) (quoting *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995)). The ALJ found Plaintiff failed to meet her burden of proof to demonstrate she was disabled during the relevant time period. Rather, the ALJ concluded, "through the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b)." (AR at 22). In addition, Plaintiff could "perform simple routine and repetitive work involving no overhead reaching but with the option to sit and stand at will." *Id.*

Plaintiff contends she is unable to perform work selling tickets as a parking attendant. Significantly, an ALJ may call a vocational expert "to testify as to (1) what jobs the claimant, given his or her functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Here, because Plaintiff did not have the capacity to perform the full range of light work under the Medical-Vocational Guidelines, the ALJ sought testimony from the vocational expert "[t]o determine the extent to which [Plaintiff's] limitations erode the unskilled light occupational base." AR at 26. The vocational expert testified that an individual with the above residual functional capacity was unable to perform Plaintiff's past relevant work, but *could* perform some light, unskilled work in the national economy such as ticket seller, parking lot attendant, and outside deliverer. *Id.* at 748-49. Because the ALJ incorporated Plaintiff's residual functional capacity into the question posed to the vocational expert, his testimony is substantial evidence in support of the determination that Plaintiff could perform work in the national economy, including selling tickets as a parking attendant. *See Tackett*, 180 F.3d at 1101,

## VI. Findings and Recommendations

Based upon the foregoing, the Court lacks subject matter jurisdiction over Plaintiff's request for review of the decision to re-open her case. At the administrative level, Plaintiff waived her right to any claims based on disability prior to January 1, 2003. In addition, Plaintiff has waived her right to dispute the ALJ's findings regarding her residual functional capacity because Plaintiff has not

identified errors by the ALJ, and the Court cannot "manufacture arguments" on her behalf. *Indep. Towers of Wash.*, 350 F.3d at 929. Finally, the ALJ's determination that Plaintiff could perform work in the national economy is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. The decision of the Commissioner of Social Security be **AFFIRMED**; and
2. The Clerk of Court be DIRECTED to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff Teresa Rameriz.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 29, 2012**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE